**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| LOCAL INTEREST, LLC, | |
| Plaintiff, | Civil Action No. 2:26-cv-00604 |
| v. | **JURY TRIAL DEMANDED** |
| MACY'S, INC., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Local Interest, LLC ("Local Interest" or "Plaintiff") files this Complaint against

Macy's, Inc. ("Macy's" or "Defendant") alleging, based on its own knowledge as to itself and its

own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.    This is a patent infringement action for Defendant's infringement of the following

United States Patents (the "Asserted Patents"), issued by the United States Patent and Trademark

Office ("USPTO"):

| U.S. Patent No. | Available At |
|---|---|
| 1)  7,532,899 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7532899 |
| 2)  8,774,834 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8774834 |

2.    Local Interest seeks injunctive relief and monetary damages.

**PARTIES**

3.    Local Interest is a limited liability company formed under the laws of Texas with a

registered office address located at 512 W. Martin Luther King Jr. Blvd., Unit 281, Austin, TX,

78701 (Travis County).

4.      Defendant Macy's is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York.

5.      Upon information and belief, Macy's maintains several regular and established places of business in this judicial district, including, but not limited to, those located at 170 E Stacy Road, Ste 2230, Allen, TX 75002 (Collin County); 3251 Preston Ridge, Suite 1400, Frisco, TX 75034 (Collin County); and 2609 Preston Road, Frisco, TX 75034 (Collin County).   Defendant has admitted to conducting business in this Judicial District in other patent infringement actions.  *See, e.g.*, *Push Data LLC v. Macy's Inc.*, Case No. 4:24-cv-00121-ALM, Dkt. 8 (E.D. Tex. April 10, 2024).

6.      Macy's may be served through its registered agent, Corporate Creations Network, Inc., 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

## JURISDICTION AND VENUE

7.      This arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because Defendant has maintained established and regular places of business in this District and has committed acts of patent infringement in this District.  *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).  On information and belief, Defendant maintains multiple regular and established places of business in this Judicial District, including at least those located at 170 E Stacy Road, Ste 2230, Allen, TX 75002 (Collin County); 3251 Preston Ridge, Suite 1400, Frisco, TX 75034 (Collin County); and 2609 Preston Road, Frisco, TX 75034 (Collin County).

10.     On information and belief, Defendant Macy's is subject to this Court's specific and

general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and this District, including: (A) at least part of its infringing activities alleged herein, which purposefully avails the Defendant of the privilege of conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this court; (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, affiliates, and/or consumers; and (C) maintaining retail store locations in this Judicial District where consumers may purchase and pick up merchandise.

11.     Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offer its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

12.     For example, Defendant Macy's maintains a significant business presence in Texas by employing residents in multiple retail store locations where consumers may purchase and pick up merchandise, including at least those located at 170 E Stacy Road, Ste 2230, Allen, TX 75002 (Collin County); 3251 Preston Ridge, Suite 1400, Frisco, TX 75034 (Collin County); and 2609 Preston Road, Frisco, TX 75034 (Collin County). *See* MACYS.COM, https://www.macys.com/stores/.

13.     Upon information and belief and based upon public information, Defendant owns,

operates, manages, conducts business, and directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following addresses: 170 E Stacy Road, Ste 2230, Allen, TX 75002 (Collin County); 3251 Preston Ridge, Suite 1400, Frisco, TX 75034 (Collin County); and 2609 Preston Road, Frisco, TX 75034 (Collin County). *See* MACYS.COM, https://www.macys.com/stores/.

14. Defendant is engaging in activities, including but not limited to transacting business in this District and purposefully directing its business activities, including the operation, maintenance, and use of infringing products and other related technologies in this District, and the sale or offer for sale of services and goods in this District to aid, abet, or contribute to the infringement of third parties in this District.

15. Defendant commits acts of infringement in this District, including, but not limited to, selling, offering for sale, and using (including through testing) the Accused Products.

16. Defendant commits acts of induced infringement in this District, including, but not limited to inducement of infringement by its parents, subsidiaries, partners, affiliates, and end-users to use the Accused Products.

17. Defendant commits acts of contributory infringement in this District, including, but not limited to contributing to infringement by its parents, subsidiaries, partners, affiliates, and end-users through its use of the Accused Products.

18. Such a corporate and commercial presence by Defendant Macy's furthers the development, distribution, and provision of Defendant's infringing products in Texas, including in this District. Through utilization of its business segments and the direction and control of its subsidiaries and affiliates, Macy's has committed acts of direct and/or indirect patent infringement

within Texas, this District, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Macy's would not offend traditional notions of fair play and substantial justice.

19.    On information and belief, Defendant Macy's also purposefully places infringing product in Texas and this District.  For example, Macy's provides its mobile application products and services, e.g., the "Macy's App," for download and use in Texas.  *See* MACYS.COM, https://www.macys.com/s/enhance-app/  (listing available Macy's App on both AppStore and Google Play) (last visited July 22, 2026).  Macy's apps are available via digital distribution platforms operated by Apple Inc. and Google. *Id.*

20.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  As alleged herein, Defendant Macy's has committed acts of infringement in this District.  As further alleged herein, Defendant Macy's, via its own operations and employees located there, has a regular and established place of business in this District, including at least those located at 170 E Stacy Road, Ste 2230, Allen, TX 75002 (Collin County); 3251 Preston Ridge, Suite 1400, Frisco, TX 75034 (Collin County); and 2609 Preston Road, Frisco, TX 75034 (Collin County).  Accordingly, Macy's may be sued in this district under 28 U.S.C. § 1400(b).

## THE ACCUSED PRODUCTS

21.    Local Interest repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

22.    Macy's describes itself as "America's department store" and is a leading omnichannel retailer offering a comprehensive shopping experience through its retail stores, website, and mobile application.  Defendant Macy's operates retail stores across the United States and provides

customers with a comprehensive offering of products and services through its retail stores, digital channels, and flexible fulfillment options.

23.     On information and belief, a significant portion of the operating revenue of Defendant is derived from its Macy's mobile application and associated website/store locator features offered for use on iOS and Android devices ("Accused Products").  *See, e.g.*, **Exhibits A–B** (Evidence of Use Regarding Infringement of the Asserted Patents); **Exhibits 1–2** and **Figures 1–2** (below).

24.     For example, the Macy's App has over 10 million downloads, a 4.8-star rating, and over 350,000 reviews on Google Play:



**Figure 1:** Excerpts from **Exhibit 1**, Google Play Store Listing for the Macy's App.

25.     Similarly, the Macy's App has a 4.9-star rating and over 2.3 million ratings on Apple's App Store:

---

**COMPLAINT FOR PATENT INFRINGEMENT**
E.D. Tex. No. 2:26-cv-00604 - Page | 6



**Figure 2:** Excerpts from **Exhibit 2**, Apple App Store Listing for the Macy's App.

26.     Based upon public information, Defendant owns, operates, advertises, and/or controls at least the website https://www.macys.com through which it advertises, sells, offers to sell, promotes, provides and/or educates customers about Macy's products, including the Accused Products.  *See* MACYS.COM, https://www.macys.com/s/enhance-app/ ("Download Our App") (last visited July 22, 2026).

27.     Based upon public information, Defendant, directly and/or through its agents and intermediaries, operates, advertises, and/or controls Macy's store locations throughout this District, including at least in Plano, Allen, and Frisco, through which it and/or its agents or employees use, advertise, provide, and/or educate third-parties, including but not limited to customers, about the Accused Products.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,532,899

28.     Local Interest repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

29.     The USPTO duly issued U.S. Patent No. 7,532,899 (hereinafter, the "'899 patent") on May 12, 2009, after full and fair examination of Application No. 10/984,618, which was filed on November 8, 2004.

30.     Local Interest owns all substantial rights, interest, and title in and to the '899 patent, including the sole and exclusive right to prosecute this action and enforce the '899 patent against infringers and to collect damages for all relevant times.

31.     Local Interest or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '899 patent.

32.     The claims of the '899 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of location-based services in a wireless network.

33.     The written description of the '899 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

34.     Defendant has directly infringed the claims of the '899 patent by making, using, selling, offering for sale, providing, supplying, or distributing the Accused Products.

35.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 4 of the '899 patent, as detailed in **Exhibit A** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,532,899).

36.     As just one example, as detailed in Exhibit A, Defendant, using the Accused Products and associated hardware and software and functionalities, performs a method for providing wireless telecommunication services to mobile devices, the method comprising: receiving a command from a user's mobile device to locate points of interest near to a location of the user's mobile device, wherein each of the points of interest are associated with one of two or more different and user-identified point of interest categories; automatically determining the location of the user's mobile device; based at least in part on the determined location, automatically providing to the user's mobile device a list of points of interest, wherein the list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories, and wherein the list of points of interest represent points of interest that are geographically closest to the location of the user's mobile device; receiving input from the user's mobile device; and providing a next-closer list of points of interest, wherein the next-closer list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories that are geographically next closest to the location of the user's mobile device than points of interest in the list of points of interest.

37.     Defendant had knowledge of the '899 patent at least as of the date when it was notified of the filing of this action.

38.     Since gaining knowledge of the '899 patent, Defendant has also indirectly infringed one or more claims of the '899 patent by inducing others to directly infringe said claims. *See, e.g.*, Ex. A; MACYS.COM, https://www.macys.com.

39.     Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, contractors, customers, and/or potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '899 patent by providing or requiring use of the

Accused Products.

40.    Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '899 patent, including, for example, claim 4 of the '899 patent.

41.    Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on its website on how to use the Accused Products in an infringing manner.

42.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the '899 patent and with the knowledge that the induced acts constitute infringement.

43.    Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '899 patent.

44.    Since gaining knowledge of the '899 patent, Defendant has also indirectly infringed by contributing to the infringement of the '899 patent.

45.    Defendant has contributed to the direct infringement of the '899 patent by its personnel, contractors, and customers.

46.    The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '899 patent, including, for example, claim 4 of the '899 patent.

47.    The special features constitute a material part of the invention of one or more of the

claims of the '899 patent and are not staple articles of commerce suitable for substantial non-infringing use.

48.    Since gaining knowledge of the '899 patent, Defendant's direct infringement of one or more claims of the '899 patent was willful, intentional, deliberate, or in conscious disregard of Local Interest's rights under the patent.

49.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Local Interest's patent rights.

50.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

51.    Local Interest has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Local Interest in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II: <u>INFRINGEMENT OF U.S. PATENT NO. 8,774,834</u>

52.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

53.    The USPTO duly issued U.S. Patent No. 8,774,834 (hereinafter, the "'834 patent") on July 8, 2014, after full and fair examination of Application No. 13/690,704, which was filed on November 30, 2012.

54.    Local Interest owns all substantial rights, interest, and title in and to the '834 patent, including the sole and exclusive right to prosecute this action and enforce the '834 patent against infringers and to collect damages for all relevant times.

55.     Local Interest or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '834 patent.

56.     The claims of the '834 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve upon the function and operation of location-based services in a wireless network.

57.     The written description of the '834 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

58.     Defendant has directly infringed the claims of the '834 patent by making, using, selling, offering for sale, providing, supplying, or distributing the Accused Products.

59.     For example, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '834 patent, as detailed in **Exhibit B** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,774,834).

60.     As just one example of infringement, as detailed in Exhibit B, the Accused Products perform a  method for providing wireless telecommunication services, the method comprising: receiving, from a mobile device, a request to identify points of interest near a location of the mobile device, wherein the request comprises a plurality of letters; determining the location of the mobile device; determining a point of interest having a name comprising a first portion, the first portion comprising the plurality of letters; transmitting the name of the point of interest to the mobile

device; receiving, from the mobile device, an indication of a selection of the name of the point of interest; determining point of interest data associated with the point of interest; and transmitting the point of interest data associated with the point of interest to the mobile device.

61.     Local Interest has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Local Interest in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

62.     Local Interest hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

63.     Local Interest requests that the Court find in its favor and against Defendant, and that the Court grant Local Interest the following relief:

a.   Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b.   Judgment that Defendant account for and pay to Local Interest all damages to and costs incurred by Local Interest because of Defendant's infringement of the Asserted Patents and other conduct complained of herein;

c.   Judgment that Defendant's infringements be found willful as to the '899 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.   Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.   That this Court declare this an exceptional case and award Local Interest its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.   All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>July 23, 2026</u>

Respectfully submitted,

By:<u>*/s/ C. Matthew Rozier*</u>

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1001 Bannock Street, Suite 241
Denver, Colorado 80204
Telephone: (404) 779-5305
Telephone: (202) 316-1591
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

*Attorneys for Plaintiff* LOCAL INTEREST, LLC

\* Admitted to the Eastern District of Texas

## List of Exhibits

1. Google Play Store Listing for the Macy's App

2. Apple App Store Listing for the Macy's App

A. Evidence of Use Regarding Infringement of U.S. Patent No. 7,532,899

B. Evidence of Use Regarding Infringement of U.S. Patent No. 8,774,834